SAVOIE, Judge,
dissenting.
From that portion of the majority opinion which affirms the trial court’s judgment in favor of third party plaintiff, A & A, against third party defendant, SEFIC, I respectfully dissent.
A & A filed a third party demand in the present case against SEFIC. A & A claims that SEFIC is liable for any damages which A & A has to pay the State. As has been noted earlier in this opinion, A & A is liable to the State for damages because A & A failed to provide insurance coverage to the State from December 22, 1982, to May 17, 1983.
A & A claims SEFIC should indemnify A & A because of SEFIC’s actions in submitting a policy which was not in accordance with the contract of insurance. A & A claims that it was these actions by SEFIC which prevented A & A from providing coverage to the State from December 22, 1982, to May 17, 1983.
I find this argument to be fallacious. The reason that A & A was prevented from providing coverage at the contract price thru SEFIC is because SEFIC exercised its privilege to cancel the bid proposal. This provision was a legitimate part of the contract of insurance between SEFIC and the State, and A & A was fully aware of its existence. By validly exercising its privilege to cancel, SEFIC cut off its liability under the contract of insurance. Since SEFIC had a right to take this action, A & A cannot seek indemnity on this basis.
Therefore, in order for A & A to claim indemnity from SEFIC, A & A would have to show an agreement existed between SEFIC and A & A whereby SEFIC agreed to provide a contract of insurance for the entire one-year term. The evidence in the record does not show that such an agreement was made. Since A & A has not proved by a preponderance of the evidence that SEFIC owed it such an obligation, A & A is not entitled to judgment on its third party demand. I would hold no indemnity is due A & A from SEFIC.
*759 For the foregoing reasons, I respectfully dissent from majority opinion which affirms the third party judgment in favor of A & A against SEFIC.